UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STUART DOUGLAS LARSON, | Civil No. 12-1590 (DSD/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| TOM ROY, | |
| Respondent. | |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed with prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 2008, a motorcyclist was struck and killed by a hit-and-run driver in Minnetonka, Minnesota. The police officers who investigated the accident determined that the vehicle that had struck the motorcyclist was leaking fluid. By following a trail left by the leaked fluid, the police officers came upon a truck that had sustained damage suggesting that it had struck the motorcyclist. When the police officers contacted the registered owner of the truck, they learned that the truck actually was owned by Petitioner. They also learned that Petitioner was residing in the lower level of a house across the street from where the truck

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

was found. The police officers went to that house and talked to the owner. The homeowner confirmed that the truck parked across the street belonged to Petitioner, and that Petitioner was renting the lower level of the home.

The homeowner led two police officers to the lower level, and identified Petitioner's bedroom. The bedroom door was ajar, and the officers entered the room and woke Petitioner. They found that Petitioner smelled of alcohol, his eyes were bloodshot, his speech was slurred, and he was unsteady on his feet. Although Petitioner claimed to have no recollection of an accident, the police officers arrested him and took him into custody. Petitioner was given a blood test that revealed an alcohol concentration of .15. He was subsequently charged with three counts of vehicular homicide related to the hit-and-run killing of the motorcyclist.

Petitioner filed a pretrial motion seeking to suppress the evidence obtained pursuant to the police officers' warrantless entry into his bedroom. The trial court determined that the police officers violated Petitioner's Fourth Amendment rights when they entered his bedroom. However, Petitioner's suppression motion was nevertheless denied, because the trial court also determined that the evidence obtained by the police officers eventually would have been obtained in any event. After Petitioner's suppression motion was denied, he went to trial and was convicted. He was sentenced to 57 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Lino Lakes, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal in which he renewed the arguments raised in his earlier suppression motion. Petitioner claimed that the evidence used to convict him was obtained by means of an illegal search and seizure.

However, the Minnesota Court of Appeals rejected Petitioner's search and seizure arguments on the merits, and upheld his conviction. The Minnesota Supreme Court later denied Petitioner's application for further review. State v. Larson, No. A11-26 (Minn.App. 2011), 2011 WL 6306627, rev. denied, Feb. 28, 2012.

On July 2, 2012, Petitioner filed his current federal habeas corpus petition. He is now claiming, once again, that the evidence used to convict him was obtained in violation of his constitutional rights under the Fourth Amendment, and all such evidence should have been suppressed. For the reasons discussed below, the Court finds that Petitioner cannot be granted habeas corpus relief on his Fourth Amendment claims, and his petition must be summarily dismissed with prejudice.

## II. DISCUSSION

Petitioner's Fourth Amendment claims are barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482.

"[A] Fourth Amendment claim is Stone-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994), cert. denied, 514 U.S. 1052 (1995). See also Poole v. Wood, 45 F.3d 246, 249 (8th Cir.), cert. denied, 515 U.S. 1134 (1995). "[A] 'mere disagreement with the outcome of a state court ruling is not the equivalent of an

unconscionable breakdown in the state's corrective process.'" Chavez v. Weber, 497 F.3d 796, 802 (8th Cir. 2007), quoting Capellan v. Riley, 975 F.2d 67, 72 (2d Cir. 1992).

The determination of whether there has been an "unconscionable breakdown" in a state's procedures does not require a review of the state courts' fact-finding process, or a review of the state courts' application of Fourth Amendment law. Willett, 37 F.3d at 1272. To the contrary, federal courts "are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation." Id. at 1273 (emphasis in the original). On federal habeas review, the "inquiry focuses on whether [the petitioner] received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred." Chavez, 497 F.3d at 802.

The Court finds that the rule of Stone v. Powell is clearly applicable here. The record shows that Petitioner had ample opportunities to present his Fourth Amendment claims in his state court proceedings. Petitioner's Fourth Amendment claims were presented and addressed in the suppression motion that he filed in the trial court. The Minnesota Court of Appeals also reviewed and rejected Petitioner's claims on the merits. Larson, 2011 WL 6306627 at *2-5. Thus, Petitioner not only had an opportunity to present his Fourth Amendment claims in the state courts, but those claims actually were raised, considered, discussed and adjudicated on the merits, in both the trial court, and in the Minnesota Court of Appeals. Furthermore, Petitioner had yet another opportunity to present his Fourth Amendment claims in his petition for further review in the Minnesota Supreme Court. Petitioner obviously disagrees with the outcome of the state court proceedings in which his Fourth Amendment claims were addressed, but he does not deny

that those proceedings occurred, nor does he deny that they gave him an opportunity to litigate his current Fourth Amendment claims.

In Poole, the Eighth Circuit Court of Appeals found that Minnesota law provides ample opportunities for a Minnesota state criminal defendant to raise Fourth Amendment challenges. 45 F.3d at 249. That determination is controlling here. In this case, as in Poole, Petitioner may not "relitigate" his Fourth Amendment claims in a federal habeas proceeding.

Because Petitioner received a full and fair opportunity to litigate his Fourth Amendment claims in the Minnesota state courts, federal habeas review of those claims is barred by Stone v. Powell. The Court will therefore recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

### III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate

review.  It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**; and

3.  Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: July 30, 2012

        s/Leo I. Brisbois
        LEO I. BRISBOIS
        United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 13, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.