UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1590(DSD/LIB)

Stuart Douglas Larson,

       Petitioner,

v.                                  **ORDER**

Tom Roy, Commissioner
of Corrections,

       Respondent.

This matter is before the court upon the pro se objection by petitioner Stuart Douglas Larson to the July 30, 2012, report and recommendation of Magistrate Judge Leo I. Brisbois. Based on a de novo review of the file, record and proceedings herein, and for the following reasons, the court finds that the report and recommendation correctly disposes of the petition.

**BACKGROUND**

In 2008, a motorcyclist was killed in a hit-and-run accident. See State v. Larson, No. A11-26, 2011 WL 6306627, at *1 (Minn. Ct. App. Dec. 19, 2011). Police officers followed a trail of fluid from the crash scene to a house in Minnetonka, Minnesota; whereupon they discovered a pick-up truck with extensive front-end damage. Id. After contacting the registered owner of the vehicle, the officers learned that the pick-up truck belonged to Larson and that he lived in the basement of a nearby residence. Id.

Officers knocked on the door, and the owner of the residence confirmed that the truck belonged to Larson and that he was renting the lower level. Id. The officers, who were accompanied by the homeowner, entered the lower level. Id. Larson was asleep, but his bedroom door was ajar. Id. The officers entered, and after observing signs of intoxication, Larson was arrested. Id. A blood sample was obtained roughly four hours after the accident and revealed that Larson had a blood alcohol concentration of 0.15. Id.

Larson was charged with three counts of criminal vehicular homicide, and he moved to suppress all evidence as a result of the officers warrantless, unannounced entrance into his bedroom. The district court determined that the officers should have begun the process of obtaining a warrant or knocked before entering Larson's bedroom, but held that the evidence would nonetheless have been obtained absent these violations. Id. at *2. After the district court denied the motion, Larson was convicted of all three counts and sentenced to imprisonment for a term of fifty-seven months. Id. Larson appealed, and the Minnesota Court of Appeals affirmed. The court explained that the officers had "probable cause to believe that Larson committed a felony and [the] reasonable suspicion that he was impaired created exigent circumstances that justified the warrantless entry into [the] bedroom." Id. at *3. The Minnesota Supreme Court denied review.

Larson timely filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 30, 2012, the magistrate judge recommended that the petition be denied and dismissed with prejudice because Larson had ample opportunities to present his Fourth Amendment claim in the state court, and thus his arguments were barred by Stone v. Powell, 428 U.S. 465 (1976). On August 15, 2012,[1] Larson objected to the magistrate judge's report and recommendation, arguing that deposition testimony may show that he was not driving his truck when the accident occurred, that Stone is inapplicable and that the district court should appoint counsel.

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).

I. **Deposition Transcripts**

Larson first argues that depositions taken in a state civil case will show that he is innocent. Specifically, Larson argues that "[t]hese depositions would tend to show that ... [he] was in fact not driving" when the accident occurred. Pet'r's Objection 3.

---

[1] The court notes that Larson's objection was untimely. See D. Minn. LR 72.2(b). This alone warrants dismissal, but given Larson's pro se status and because he does not have access to the electronic case filing system, the court addresses his arguments on the merits.

3

Larson, however, did not raise this argument in the state court. In his petition for Minnesota Supreme Court review, Larson explained that the warrantless entry into the bedroom was unreasonable and that the court erred by failing to apply the exclusionary rule. See Larson Ex. at 2.[2] Moreover, Larson does not argue that these depositions constitute newly discovered evidence. As a result, Larson's claim was not exhausted. See Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999) ("To satisfy the exhaustion requirement, [petitioner] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." (citations omitted)). Therefore, this objection is overruled.

## II. Applicability of Stone

Larson next argues that Stone is inapplicable. "Under Stone, where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Chavez v. Weber, 497 F.3d 796, 801-02 (8th Cir. 2007) (quoting Stone, 428 U.S. at 482). "To show that he was not afforded an opportunity for full

---

[2] In his petition for habeas relief, Larson submitted an exhibit that does not contain page numbers. The court cites to the ECF page stamp.

4

and fair litigation of his claim, [Larson] would have to show that the State provided no corrective procedures at all to address the alleged Fourth Amendment violation or that the State provided a corrective mechanism, but [he] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Id. (citation and internal quotation marks omitted). Here, Minnesota provided a corrective mechanism by allowing Larson to appeal his conviction. See Larson Ex. at 37 (Minnesota Supreme Court order denying review). A "mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." Chavez, 497 F.3d at 802 (citation omitted). Therefore, Larson's argument is without merit, and dismissal is warranted.

**III. Appointment of Counsel**

In his objection, Larson requests that the district court appoint counsel. "Although a civil litigant has no constitutional or statutory right to a court-appointed attorney the district court may make such an appointment at its discretion." Rayes v. Johnson, 969 F.2d 700, 702-03 (8th Cir. 1992) (internal citation omitted). "The appointment of counsel should be given serious consideration ... if the plaintiff has not alleged a frivolous or malicious claim and the pleadings state a prima facie case." Id. at 703 (citation and internal quotation marks omitted). As already explained, Larson's petition is without merit. Therefore, after careful

and fair litigation of his claim, [Larson] would have to show that the State provided no corrective procedures at all to address the alleged Fourth Amendment violation or that the State provided a corrective mechanism, but [he] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Id. (citation and internal quotation marks omitted). Here, Minnesota provided a corrective mechanism by allowing Larson to appeal his conviction. See Larson Ex. at 37 (Minnesota Supreme Court order denying review). A "mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." Chavez, 497 F.3d at 802 (citation omitted). Therefore, Larson's argument is without merit, and dismissal is warranted.

**III. Appointment of Counsel**

In his objection, Larson requests that the district court appoint counsel. "Although a civil litigant has no constitutional or statutory right to a court-appointed attorney the district court may make such an appointment at its discretion." Rayes v. Johnson, 969 F.2d 700, 702-03 (8th Cir. 1992) (internal citation omitted). "The appointment of counsel should be given serious consideration ... if the plaintiff has not alleged a frivolous or malicious claim and the pleadings state a prima facie case." Id. at 703 (citation and internal quotation marks omitted). As already explained, Larson's petition is without merit. Therefore, after careful

consideration of his filings and submission, Larson's request for appointment of counsel is denied.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Petitioner's objection [ECF No. 6] to the magistrate judge's report and recommendation is overruled;

2. The magistrate judge's report and recommendation [ECF No. 5] is adopted in its entirety;

3. Petitioner's application for a writ of habeas corpus [ECF No. 1] is denied;

4. This action is summarily dismissed with prejudice; and

5. Pursuant to 28 U.S.C. § 2253(c)(1)(A), the court denies a certificate of appealability in this case.

**LET JUDGEMENT BE ENTERED ACCORDINGLY.**

Dated: November 19, 2012

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court